ESTATE OF HAL HOLTZIN, DECEASED, LEONARD HOLTZIN, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Holtzin v. Commissioner
Docket No. 4968-91
United States Tax Court
T.C. Memo 1995-299; 1995 Tax Ct. Memo LEXIS 292; 70 T.C.M. (CCH) 9; July 6, 1995, Filed *292 An appropriate order will be entered granting respondent's motion for entry of a default judgment. For petitioner: Leonard Holtzin. For respondent: James C. Fee, Jr. WHALEN
WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before the Court to decide respondent's motion for default judgment in reduced amounts in which respondent asks the Court to enter a default judgment against petitioner for additions to tax for fraud in the following amounts: Additions to Tax
Sec.
Sec.
Sec.
Year
6653(b) 6653(b)(1)
6653(b)(2)
1979
$ 1,282
-- --
1980
3,687
-- --
1981
5,287
-- --
1982
-- $ 6,273
[1]
1983
-- 1,960
[1]
We have previously considered the above additions to tax for fraud in a memorandum opinion filed in this case at (hereinafter referred to as Holtzin I). That opinion involved the Commissioner's motions: (1) For default judgment as to the additions to tax for fraud set forth above; and (2) to dismiss for failure to properly prosecute as to the underlying tax deficiencies and as to additions to *293 tax for substantial understatement under section 6661 for the same years. The Commissioner made the motions considered in Holtzin I at the time the case was called for trial from a prior calendar. No appearance was entered on behalf of petitioner at that time. The motions were based upon the allegations contained in the record of the case at that time. In Holtzin I, the Court stated that it would grant the Commissioner's motion to dismiss as to the underlying tax deficiencies and the additions to tax for substantial understatement under section 6661. However, in considering the Commissioner's motion for default judgment as to the above additions to tax for fraud, the Court noted that the Commissioner bore the burden of proving that there is an underpayment of tax for each year, and that some part of the underpayment is due to fraud. After reviewing the pleadings, the Court found that respondent had failed to prove that there was an underpayment of tax for each year. The Court noted that petitioner had denied various allegations contained in respondent's answer and further noted that respondent had failed to provide information which was readily available. Holtzin I states as follows: *294 Respondent, in her pleadings in the instant case, did not provide information that was easily within her reach: Decedent's 1979-1982 Federal income tax returns as originally filed with respondent; respondent's basis for reconstructing the income allocable to the illegal scheme; and respondent's allocation of the income from the illegal scheme among the participants. Such evidence would have provided information by which the Court could determine whether an underpayment existed. The Court noted that the allegations on which the Commissioner relied to meet her burden of proving fraud were "conclusory statements not supported by specific allegations that provide the basis for the claim of an underpayment of tax." Thus, in Holtzin I the Court stated that it would deny respondent's motion for default judgment. After Holtzin I, the only issue remaining for disposition was the fraud issue. Accordingly, the Court calendared the case for trial in Philadelphia, Pennsylvania. When the case was called from the calendar for the second time, there was again no appearance by or on behalf of petitioner, and respondent filed the motion for default judgment that is for decision in this opinion. *295 Prior to filing the subject motion for default judgment, respondent had served a request for admissions on petitioner on August 11, 1994. The request for admissions includes the following: 28. During each of the tax years, 1979 through 1983, petitioner Hal Holtzin solicited and received substantial cash payments and kickbacks as part of the coupon redemption scheme. Petition [sic] failed to report his share of these payments on his income tax returns for those years. 29. As part of the scheme, petitioner Hal Holtzin and others generated cash by cashing Academy checks. 30. In 1982, Hal Holtzin accepted cash payments from Leonard Cohen. 31. During the years 1979 through 1983, petitioner Hal Holtzin, along with Jay Holtzin and Leonard Holtzin received cash payments totaling $ 362,041.61 from the three middlemen as follows: Middleman
1979
1980 1981 1982 1983 Cohen
$ 1,294.98
$ 13,161.45
$ 20,966.13
$ 13,174.17
$ 80.19
Stein
--   6,405.88
20,231.87
43,490.57
24,376.34
Stelweck
39,921.46
63,257.75
56,498.62
56,859.20
2,323.00
Total
41,216.44
82,825.08
97,696.62
113,523.94
26,779.53
32. By failing to report his share of the income amounts *296 listed in request number 31, above, petitioner substantially understated his income for each of the taxable years 1979 through 1983. These understatements gave rise to substantial underpayments of tax for each of the taxable years 1979 through 1983. 33. Petitioner did not maintain books and records of his illegal income. * * * 36. Petitioner Hal Holtzin, Jay Holtzin and Leonard Holtzin divided the income from the coupon redemption scheme, as listed in request number 31, equally among themselves. Accordingly, each of the Holtzins received income from the scheme in the following amounts: 1979 1980 1981 1982 1983
H. Holtzin
$ 24,384.54
$ 44,477.10
$ 47,631.84
$ 53,003.76
$ 9,545.97
L. Holtzin
8,415.95
19,173.99
25,032.39
30,260.09
8,616.78
J. Holtzin
8,415.95
19,173.99
25,032.39
30,260.09
8,616.78
Total
41,216.44
82,825.08
97,696.62
113,523.94
26,779.53
37. Petitioner Hal Holtzin failed to report his share of the illegal coupon redemption income, (as set forth in paragraph 36. above) on his income tax returns for 1979 through 1983. 38. Petitioner Hal Holtzin knowingly and willfully substantially understated his income with the intention *297 of evading taxes for 1979 through 1983. 39. Petitioner Hal Holtzin knowingly and willfully understated his income with the intention of evading taxes for 1979 through 1983 when he dealt exclusively in cash and when he failed to keep adequate books and records so that an understatement of income would not be detected on his Federal Tax Returns. 40. Petitioner Hal Holtzin knowingly and willfully made and filed false Income Tax Returns, Forms 1040 on which he failed to report the source, nature and amounts of income from the coupon scheme with the intention of evading taxes for 1979 through 1983. Petitioner never responded to Respondent's Request for Admissions. We note that the first sentence of paragraph 36 of the request for admissions, quoted above, states that each of the three Holtzins divided the income from the coupon redemption scheme "equally among themselves", whereas the schedule set forth in the second sentence of paragraph 36 states that Mr. Hal Holtzin received more income in each year than either of the other two. Notwithstanding this apparent discrepancy, respondent has represented in her pleadings that the reduced tax deficiencies in Mr. Hal Holtzin's case, and *298 hence the fraud additions based thereon, are in accordance with the settlements reached in the cases of the other Holtzins, so as "to avoid taxing the same income to more than one taxpayer." Furthermore, from our review of the amount of the reduced deficiencies that were at issue in Holtzin I, it appears that Mr. Holtzin's income in each of the years in issue was increased by the same amount as the amount listed in the second sentence of paragraph 36 of the request for admissions with respect to each of the other Holtzins. In the case of an addition to tax for fraud under section 6653(b), respondent bears the burden of proof. Sec. 7454(a); Rule 142(b); . To establish fraud, respondent must show by clear and convincing evidence: (1) That an underpayment of tax exists; and (2) that some part of the underpayment is due to fraud. Sec. 6653(b). Respondent cannot satisfy the burden of proving an underpayment with respect to the fraud addition by relying on the presumption of correctness which attaches to a deficiency notice. See ; *299 . Respondent can satisfy the burden of proving an underpayment with respect to the fraud addition by relying on allegations deemed admitted pursuant to Rule 90(c). ; see ; (admissions pursuant to Rule 37(c)). Furthermore, we may enter a default judgment against a taxpayer as to an addition to tax for fraud if the taxpayer has failed to proceed with his case and the pleadings establish specific facts sufficient to prove the taxpayer's liability for the fraud addition. Rule 123(a); , affd. . As discussed above, in Holtzin I, we found that respondent had not carried her burden of proving petitioner's liability for the additions to tax for fraud. As noted in that opinion, respondent did not provide the Court with sufficient information *300 to establish an underpayment of tax. The pleadings, standing alone, did not establish sufficient facts to satisfy respondent's burden of proof, and a default judgment was inappropriate. See After Holtzin I, respondent served on petitioner the above-quoted request for admissions for the purpose of establishing the facts necessary to satisfy her burden of proving petitioner's liability for the fraud addition. Respondent contends that, as a result of petitioner's failure to respond, all of the facts set forth therein were deemed admitted by petitioner 30 days after service of the requests. Rule 90(c); see generally , affd. . Thus, according to respondent, the pleadings now establish sufficient facts to support entry of a default judgment under Rule 123(a). . We agree with respondent. Petitioner's deemed admissions establish the facts necessary to sustain a finding of fraud. See *301 Petitioner is deemed to have admitted that Mr. Hal Holtzin "substantially understated his income for each of the taxable years 1979 to 1983" and that those "understatements gave rise to substantial underpayments of tax for each of the taxable years 1979 through 1983." Thus, respondent has established an underpayment of tax for each of the years 1979 through 1983. Sec. 6653(b). Petitioner is also deemed to have admitted that he "knowingly and willfully substantially understated his income with the intention of evading taxes for 1979 through 1983", and that he "knowingly and willfully made and filed false Income Tax Returns, Forms 1040 * * * with the intention of evading taxes for 1979 through 1983." Respondent has established that some part of the underpayment for each of the years in issue was due to fraud. Sec. 6653(b). In light of these deemed admissions, entry of a default judgment is now appropriate. To reflect the foregoing, An appropriate order will be entered granting respondent's motion for entry of a default judgment. Footnotes
1. Fifty percent of the interest due on the portion of the underpayment attributable to fraud.↩